IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
MARVIN SUMLIN (#B04287),           )
                                   )
            Petitioner,            )
                                   )
       v.                          )   Case No. 15 C 10289
                                   )
NICHOLAS LAMB,                     )
                                   )
            Respondent.            )

## MEMORANDUM ORDER

Marvin Sumlin ("Sumlin") has just filed this action seeking to invoke 28 U.S.C. § 2254[1] to challenge his November 18, 2008 conviction and the resulting natural life sentence on charges of aggravated criminal sexual assault and aggravated kidnapping. Sumlin has accompanied his Section 2254 Petition for Writ of Habeas Corpus ("Petition") with another Clerk's-Office-supplied document: an In Forma Pauperis Application ("Application").

To turn to the latter document first, Sumlin is obviously unaware that the only filing fee required to be paid for any Section 2254 Petition is the modest sum of $5. Despite the level of poverty portrayed in the Application, Sumlin is obviously capable of paying that amount (the authorized fiscal officer at Stateville Correctional Center, where Sumlin is in custody, has certified that the average monthly deposit to Sumlin's account at the institution has been

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

something over $35).  Accordingly the Application is denied and Sumlin is ordered to pay the $5 filing fee on or before November 21, 2015.

As for the Petition itself, Sumlin has not supplied a good deal of the information needed to see whether it was timely filed: that is, filed within the one-year limitation period prescribed by Section 2244(d)(1) as tolled by the provisions of Section 2244(d)(2). But this Court has independently determined, by supplementing Sumlin's scant and skeletal information set out in the Petition, that Section 2244 does not bar the current Petition (a task accomplished in substantial part but not entirely through obtaining copies of the Illinois Appellate Court's opinions (1) affirming Sumlin's conviction and sentence on direct appeal (People v. Sumlin, No. 1-090746 (2011 WL 9686258 (1st Dist. Apr. 22, 2011)) and (2) affirming the Circuit Court's dismissal of Sumlin's pro se petition for relief under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq. (People v. Sumlin, 2015 IL App (1st) 130364-U)). Accordingly this opinion turns to consideration of Sumlin's substantive claims.

Sumlin's Ground One charges that the state trial court denied him a fair trial by some of its rulings on evidence in which it rejected motions by Sumlin's trial counsel to call certain witnesses. As Sumlin would have it, the state trial court "relied on an incorrect reading of People v. Grano, 286 Ill.App.3d 278, 289 (2d Dist. 1996)" and also failed to follow the decision in People v. Santos, 211 Ill.2d 395 (2004). But those contentions are simply a reiteration of the arguments advanced by his counsel in the unsuccessful direct appeal that was dispatched by the unpublished opinion reported at 2011 WL 9686258. Those contentions were rejected as a matter of state law in that opinion, which discussed both the Grano and Santos opinions and provided what was certainly an independent and adequate state law basis for decision that posed no federal constitutional problems.

Sumlin's Ground Two charges his trial counsel with constitutionally inadequate representation by having failed to file a motion to suppress what Sumlin characterizes as "illegal evidence." But that contention is torpedoed entirely by the analysis, under the seminal teaching of Strickland v. Washington, 466 U.S. 668, 687-88 (1984), that was set out in Paragraphs 12 through 14 (of which a copy is attached) in the Illinois Appellate Court's above-cited opinion affirming the summary dismissal of Sumlin's state post-conviction petition.

## Conclusion

Sumlin's In Forma Pauperis Application (Dkt. No. 3) is denied, and he is ordered to pay the $5 filing fee for his current Petition to the Clerk of this District Court on or before November 30, 2015. As for the merits of the Petition (or more precisely, the lack of merit in the Petition), Sumlin has utterly failed to meet either standard specified in Section 2254(d), so that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")).

Accordingly, as directed in Section 2254 Rule 4, this Court dismisses the Petition and directs the Clerk of this District Court to notify Sumlin. Finally, this Court (1) rules in accordance with Section 2254 Rule 11(a) that a certificate of appealability is denied and (2) advises Sumlin that he may seek a certificate from the Court of Appeals under Fed. R. App. P. 22.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: November 18, 2015

maintains that counsel was ineffective for failing to file a motion to suppress the evidence found in Carson's garage after an illegal, warrantless entry. Defendant raises no issue regarding the other allegations in his petition, and, thus, has waived them for review. *People v. Pendleton*, 223 Ill.2d 458, 476 (2006).

¶ 9 At the first stage of post-conviction proceedings, a *pro se* defendant need only present the gist of a meritorious constitutional claim. *People v. Edwards*, 197 Ill.2d 239, 244 (2001). The gist standard is a low threshold, requiring that defendant only plead sufficient facts to assert an arguably constitutional claim. *People v. Brown*, 236 Ill.2d 175, 184 (2010). If a petition has no arguable basis in law or in fact, it is frivolous and patently without merit, and the trial court must summarily dismiss it. *People v. Hodges*, 234 Ill.2d 1, 16 (2009). Our review of a first-stage dismissal is de novo. *People v. Coleman*, 183 Ill.2d 366, 388–89 (1998).

¶ 10 To prevail on a claim of ineffective assistance of counsel, defendant must show that counsel's performance was objectively unreasonable and that he was prejudiced as a result thereof. *Hodges*, 234 Ill.2d at 17, citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). At the first stage of post-conviction proceedings, a petition alleging ineffective assistance of counsel may not be summarily dismissed if it is arguable that counsel's performance fell below an objective standard of reasonableness, and it is arguable that he was prejudiced thereby. *People v. Tate*, 2012 IL 112214, ¶ 19. Where an ineffectiveness claim is based on counsel's failure to file a suppression motion, defendant must demonstrate that the unargued suppression motion would be meritorious, and that at least a reasonable probability exists that the trial outcome would have been different had the evidence been suppressed. *People v. Henderson*, 2013 IL 114040, ¶¶ 12, 15.

¶ 11 Here, defendant maintains that counsel was arguably ineffective for failing to file a motion to suppress the evidence found in Carson's garage, which included the victim's backpack, female clothing, a sanitary pad, and a bus pass. The State maintains that defendant forfeited this issue because it could have been raised on direct appeal. Defendant responds that the issue is not forfeited because it is based on evidence outside the record, namely, Carson's affidavit. We agree that where facts relating to a claim do not appear on the face of the original appellate record, waiver does not apply. *People v. Harris*, 206 Ill.2d 1, 13 (2002).

¶ 12 Notwithstanding, we find that defendant cannot establish that counsel was arguably ineffective for failing to file a motion to suppress evidence where there is no reasonable probability that the trial outcome would have been different had the evidence been suppressed. *Henderson*, 2013 IL 114040, ¶¶ 12, 15; *Tate*, 2012 IL 112214, ¶ 19. As noted by the court, defendant relied on a defense of consent, arguing that he and the victim had a prior relationship. The victim, on the other hand, testified that she was attacked and raped by defendant, who initially denied having sex with her that night, but when he was confronted with the possible collection of DNA evidence against him, he stated they had consensual sex. The contradictory nature of defendant's version of events thus undermined his credibility and enhanced the credibility of the victim's testimony. *People v. Nelson*, 148 Ill.App.3d 811, 822 (1986).

*3 ¶ 13 In addition, the victim's testimony was corroborated by a picture which showed swelling to her face and the officers' testimony regarding her condition right after the incident. The officers testified that the victim was crying, disheveled, and nervous and had swelling to her face. In light of this strong evidence of defendant's guilt, defendant cannot establish that he was arguably prejudiced by counsel's decision not to file a motion to suppress the evidence found in the garage. *People v. Dobbey*, 2011 IL App (1st) 091518, ¶ 69.

¶ 14 We, therefore, conclude that defendant failed to set forth an arguable claim of ineffective assistance of counsel (*Tate*, 2012 IL 112214, ¶ 19), and affirm the order of the circuit court of Cook County summarily dismissing his post-conviction petition.

¶ 15 Affirmed.

Justices HOWSE and COBBS concurred in the judgment.

**All Citations**

Not Reported in N.E.3d, 2015 IL App (1st) 130364-U, 2015 WL 1143108

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works. 2

ATTACHMENT