IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN SUMLIN, )<br>)<br>    Petitioner-Appellant, )<br>)<br>    v. )<br>)<br>RANDY PFISTER, )<br>)<br>    Respondent-Appellee. ) | Court of Appeals Case No. 16-1022<br>(District Court Case No. 15 C 10289) |

## MEMORANDUM ORDER

This Court has just received from our Court of Appeals a transfer of the motion ("Motion") by petitioner Marvin Sumlin ("Sumlin") in which he seeks leave to appeal in forma pauperis ("IFP") from this Court's November 18, 2015 memorandum order (the "Order") that (1) dismissed Sumlin's 28 U.S.C. § 2254 ("Section 2254") Petition for Writ of Habeas Corpus ("Petition"), (2) denied a certificate of appealability (see Section 2254 Rule 11(a)) and (3) advised Sumlin that he could seek such a certificate from the Court of Appeals under Fed. R. App. P. 22. Although Sumlin's Motion refers to an "attached certified audit of his trust fund account" at Stateville Correctional Center, no such document is in fact attached to the Motion -- but that is irrelevant in light of our Court of Appeals' teaching in Thomas v. Zatecky, 712 F.3d 1004 (7th Cir. 2013), which has reconfirmed "that the Prison Litigation Reform Act of 1996 (PLRA), which substantially revised § 1915 and other sections, does not apply to collateral proceedings under 28 U.S.C. §§ 2241, 2254, or 2255" (id. at 1004).

Thomas, id. at 1005-06 went on to hold, in terms applicable to this case:

> Section 1915(a)(3) says: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." We do not see any reason why that provision should not apply to collateral proceedings, in common with all of the other litigation to which § 1915(a)(1) refers.

And Thomas, id. at 1006 then went on, citing Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000), to characterize "bad faith" for that purpose as "a phrase that despite lay usage has been understood to mean objective frivolousness."

In this instance the Order rejected Sumlin's two asserted grounds for federal habeas relief in brief compass. As to Sumlin's Ground One, the Order said this regarding his claim that evidentiary rulings by the state court had denied him a fair trial:

> But those contentions are simply a reiteration of the arguments advanced by his counsel in the unsuccessful direct appeal that was dispatched by the unpublished opinion reported at 2011 WL 9686258. Those contentions were rejected as a matter of state law in that opinion, which discussed both the Grano and Santos opinions and provided what was certainly an independent and adequate state law basis for decision that posed no federal constitutional problems.

As to Sumlin's Ground Two, which charged his trial counsel with constitutionally inadequate representation by having failed to file a motion to suppress, the Order held on that score:

> But that contention is torpedoed entirely by the analysis, under the seminal teaching of Strickland v. Washington, 466 U.S. 668, 687-88 (1984), that was set out in Paragraphs 12 through 14 in the Illinois Appellate Court's above-cited opinion affirming the summary dismissal of Sumlin's state post-conviction petition.

Under the circumstances, with Sumlin having sought to enlist the federal court as another state court appellate tribunal rather than on any basis authorized under Section 2254(d), his appeal must be viewed as objectively frivolous and hence as "not taken in good faith" (Section 1915(a)(3)). With this Court having thus denied Sumlin's IFP Motion, he must refile that Motion

in the Court of Appeals pursuant to Fed. R. App. P. 24.

                                                                                                     _____
                                                                                                     Milton I. Shadur
                                                                                                     Senior United States District Judge

Date:  February 22, 2016