# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARVIN SUMLIN, ) | |
| ) | |
| Petitioner-Appellant, ) | |
| ) | |
| v. ) | Case No. 15 C 10289 |
| ) | (USCA Case No. 16-1022) |
| RANDY PFISTER, ) | |
| ) | |
| Respondent-Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

Like the Energizer Bunny in the frequently aired TV commercials, pro se prisoner petitioner Marvin Sumlin ("Sumlin") keeps going and going -- but unlike that cartoon character, he seems incapable of getting anywhere. Less than a week after Sumlin filed his pro se action seeking to invoke 28 U.S.C. § 2254[1] to challenge his November 18, 2008 conviction and the resulting natural life sentence he was serving on charges of aggravated criminal sexual assault and aggravated kidnapping, this Court issued a brief November 18, 2015 memorandum order ("Order I") that (1) corrected Sumlin's misapprehension that he needed approval of an accompanying In Forma Pauperis Application,[2] (2) found that Sumlin's Petition was timely because of the tolling provision of Section 2244(d)(2) , (3) held that neither of Sumlin's two grounds for potential Section 2254 relief was viable as a matter of law and (4) denied a certificate of appealability, thus complying with Rule 11(a) of the Rules Governing Section 2254

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] Sumlin had understandably been unaware that his Section 2254 Petition for Writ of Habeas Corpus ("Petition") required the payment of only a $5 filing fee.

Cases in the United States District Courts. Unfortunately that was only the beginning of Sumlin's numerous ill-considered efforts to pursue federal relief.

First, Sumlin's only response to this Court's Order I was to pay the $5 filing fee, while ignoring this Court's substantive rulings and at the same time requesting a certificate of appealability (that last request also ignored the fact that Order I had already denied such a certificate). This Court's brief December 30, 2015 memorandum order ("Order II") confirmed its earlier denial of such a certificate and concluded by stating "it is for the Court of Appeals to act on that petition on its calendar."

Next Sumlin moved before the Court of Appeals for leave to take an in forma pauperis ("IFP") appeal from this Court's Order I rejecting his Section 2254 Petition. When the Court of Appeals transferred that motion to this District Court, this Court promptly issued a February 22, 2016 memorandum order ("Order III") that pointed to our Court of Appeals' teaching in Thomas v. Zatecky, 712 F.3d 1004, 1005-06 (7th Cir. 2013) that the special provisions of Section 1915 that are applicable to most prisoner litigation do not apply to Section 2254 Petitions, which are instead tested by the standards prescribed by Section 1915(a)(3):

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

That said, Order III revisited its substantive analysis of Sumlin's Section 2254 Petition as set out in Order I and held that his appeal "must be viewed as objectively frivolous and hence as 'not taken in good faith,'" thus denying Sumlin's IFP motion and requiring that it be refiled in the Court of Appeals pursuant to Fed R. App. P. 24.

When this Court learned less than two weeks later, as the result of its customary review of ECF filings in cases that are, or have previously been, assigned to its calendar, that Sumlin

had filed still another motion seeking leave to proceed in forma pauperis in the District Court's Clerk's Office rather than in the Court of Appeals, it was compelled to issue still another memorandum order dated March 8, 2016 ("Order IV") that transmitted the Sumlin motion for IFP treatment to the Court of Appeals for its consideration. But even that did not mark the last of Sumlin's misguided efforts up to that point, because Sumlin had then tendered a $5 payment under the misapprehension that such a payment would satisfy the filing fee on his intended appeal. Hence this Court had to issue still another memorandum order on April 21, 2016 ("Order V") that both (1) ordered the $5 payment to be returned to Sumlin and (2) advised him that the appellate filing fees amount to $505, while also transmitting to Sumlin another copy of the Court of Appeals' April 13, 2016 "Circuit Rule 3(b) Notice."

Nothing daunted, Sumlin continued on his own path rather than complying with this Court's directives or heeding the Court of Appeals' Circuit Rule 3(b) warning. When this Court learned of our Court of Appeals' month-later issuance of a May 16, 2016 order that reflected its receipt of a $5 check from Sumlin and directed that the check be transmitted to the Clerk of this District Court, this Court issued a May 23, 2016 ("Order VI") that reminded Sumlin of his earlier errors and of this Court's efforts to correct them and concluded:

> This Court is unaware of the current posture of Sumlin's effort (if any) to obtain in forma pauperis status before the Court of Appeals. If anything further is required on its part in that respect, it of course remains ready to discharge whatever responsibility that may be.

Regrettably the seemingly indefatigable Sumlin has just proved Shakespeare's pithy epigram in <u>The Tempest</u> that "what's past is prologue." Late last week he again filed in the Clerk's Office of this District Court a hand-printed "Motion for Leave To Proceed In Forma Pauperis" (Dkt. No. 39) that not only ignores everything that has gone before regarding his need

- 3 -

to satisfy the Court of Appeals on that score but also confirms that he believes his Section 2254 Petition may qualify for installment treatment under the special provisions of Section 1915 applicable to other prisoner litigation.[3] And as if that evidence of Sumlin's confusion were not enough, he has accompanied that filing with a four-page hand-printed "Entitlement To Redress" that lists no fewer than seven grounds -- a total departure from his initial Section 2254 Petition.

Enough is enough -- or more accurately, in this case enough is too much. Dkt. No. 39 is denied, and this Court will entertain nothing further from Sumlin, but instead leaves him to our Court of Appeals, where he himself has long since lodged his Petition.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 13, 2016

---

[3] In that respect his current motion (quoted verbatim, errors and all) speaks in terms of the requirements of Section 1915(a)(2) and 1915(b) rather than Section 1915(a)(3):

> Petitioner is not able to offer support of a certified six month audit because of the institutions slowness in providing the requsted audit to the petitioner.